UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGE ROSAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00154 |
| | § | |
| BREADEN WISE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court are two motions for summary judgment, one filed by Plaintiff George Rosas (Rosas) and one filed by Defendants, Braeden Wise and Jose Hasette (Defendants or Officers), respectively. D.E. 49, 58. On April 20, 2026, United States Magistrate Judge Jason B. Libby issued his "Memorandum and Recommendation on the Parties' Motions for Summary Judgment" (M&R, D.E. 65), recommending that Defendant's motion (D.E. 58) be granted and that Rosas's motion (D.E. 49) be denied. The parties were provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Rosas timely filed his objections with the Court. D.E. 68.

## STANDARD OF REVIEW

A district court must review de novo any portion of a magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. Fed. R. Civ. P. 72(b). Objections must point out with sufficient

1 / 5

particularity any alleged error in the magistrate judge's analysis; otherwise, they do not constitute proper objections and will not be considered. *Id*.; *see Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("[P]arties filing objections must specifically identify those findings objected to."); *Edmonds v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to do novo review not invoked when petitioner merely re-urges arguments contained in the original petition). After considering proper objections, the district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. Fed. R. Civ. P. 72(b). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

First, Rosas cites this Court's decision on the motion to suppress in his related criminal case as dispositive. D.E. 68, p. 2. In so doing, he fails to understand the nature of this case as addressing a qualified immunity defense with a different burden of proof and a different record. In his M&R, the Magistrate Judge correctly explained that "this Court's finding on the motion to suppress in the criminal case is not dispositive of the issues related to qualified immunity in the instant civil case." D.E. 65, p. 12. Because Rosas's objection is not directed to the issues in this case, it is **OVERRULED**.

Second, Rosas argues that qualified immunity may be defeated when an officer makes material falsehoods in support of a search and seizure. D.E. 68, pp. 2-3 (citing

2 / 5

*Franks v Delaware*, 438 U.S. 154 (1978) and *Melton v. Phillips*, 837 F.3d 502 (5th Cir. 2016)). He objects to the Magistrate Judge's finding in favor of qualified immunity because it did not address the low 10 mph speed limit, the lack of traffic on the roadway at the time, or the private nature of the roadway as negating any traffic violation for impeding traffic on a public roadway. D.E. 68, p. 3.

The Magistrate Judge correctly explained that there is no evidence that the Officers engaged in any reckless material falsehoods when assessing the situation, particularly given the lack of clarity in the Transportation Code provision at issue. And Rosas carries the burden to establish that the Officers' actions were objectively unreasonable under the totality of the circumstances. D.E. 65, p. 12. The Magistrate Judge credited the Officers' testimony regarding the suspicious nature of Rosas's multiple stops in a high crime area in the middle of the night, which—aside from any traffic violation—justified the stop for purposes that are not objectively unreasonable. D.E. 65, p. 14. The second objection addressed to alleged falsehoods is **OVERRULED.**

Third, Rosas objects more specifically to the Magistrate Judge's conclusion that the Officers did not fabricate the circumstances giving rise to the traffic stop. D.E. 68, p. 3. Rosas cites inconsistencies in the Officers' deposition testimony regarding the order of events on the night the traffic stop occurred. Whether the Officers were parked or following Rosas's vehicle at any particular time is not material to the alleged traffic offense or the additional reasons the Officers stopped Rosas. The same is true regarding any discrepancy in the record regarding which officer approached the driver's side of the vehicle.

And whether Officer Hassette previously used the "impeding traffic" violation to conduct traffic stops says nothing about whether those stops were unjustified or whether this one was. D.E. 68, pp. 3-4. In his M&R, the Magistrate Judge correctly explained that a qualified immunity claim cannot be defeated at the summary judgment stage solely with conclusory allegations that a witness lacks credibility. The Magistrate Judge explained that relevant Fifth Circuit authority has found summary judgment on qualified immunity to be inappropriate only where the defendant-police officer had an extensive history of mendacity, which could serve as a legitimate basis for consideration by a fact finder. D.E. 65, p. 17.

The Court finds no error in the Magistrate Judge's finding that Rosas's claims of fabrications are conclusory and unsupported by the evidence. The third objection is **OVERRULED.**

Last, Rosas objects to the Magistrate Judge's M&R in its entirety because it fails to apply the proper standard of review, which requires construing the facts in the light most favorable to Rosas. D.E. 68, p. 4. The factual issues on which Rosas relies in stating this objection are not material facts and are not sufficient to defeat qualified immunity, even if viewed in his favor. He does not deny that he was driving slowly and stopping multiple times in a high crime area in the middle of the night. He has not offered any clearly established law that makes it unconstitutional for a police officer to stop a driver under these circumstances to investigate. Consequently, the objection is **OVERRULED**.

**CONCLUSION**

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections and all other relevant documents in the record, and having made a de novo review of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 65). Defendants' Motion for Summary Judgment (D.E. 58) is **GRANTED** because they are entitled to the protections of qualified immunity. Accordingly, Rosas's Motion for Summary Judgment (D.E. 49) is **DENIED**.

**ORDERED** on July 2, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE